IN THE CIRCUIT COURT
FOR BALTIMORE CITY

MONICA BERRY                         *
223 Jefferson Avenue, Apt. 2
Brooklyn, New York  11216            *

and                                  *

KIM MILLS                            *
230 Anderson Street, Apt. 6A
Hackensack, New Jersey  07601        *

and                                  *        Case No. _24-C-07-007732_

SHERRILLE MINGO                      *        <u>JURY TRIAL DEMANDED</u>
P.O. Box 9870
Washington, D.C.  20016              *

and                                  *        CCB07CV3051

NGOZI OKARO                          *
1124 Jackson Ave., #2
The Bronx, New York  10456           *

        Plaintiffs,                  *

        v.                           *

WYNDHAM WORLDWIDE OPERATIONS, INC.
1 Sylvan Way
Parsippany, New Jersey  07054        *

        Serve On:                    *
        CSC Lawyers Incorporating Service Co.
        7 St. Paul St., Ste. 1660    *
        Baltimore, Maryland  21202
                                     *

and                                  *

TRAVIS REAL ESTATE GROUP JOINT VENTURE
207 Grandview Avenue
Ft. Mitchell, Kentucky 41017-2799                      *

                                                *

and

                                                *

TRAVIS REAL ESTATE GROUP, INC.
10777 Westheimer Road, Ste. 1000                       *
Houston, Texas  77042

                                                *

     Serve On:
     Tom Lerario                                      *
     101 West Fayette Street
     Baltimore, Maryland 21201                        *

and                                                    *

TYRONE ERWIN                                           *
503 N. Arlington Avenue
Baltimore, Maryland  21223                             *

and                                                    *

ERIK BELK                                              *
5103 Williston Street, Apt. 3
Baltimore, Maryland  21229                             *

and                                                    *

JOHN BEAM                                              *
1200 Daniels Ave.
Gwynn Oak, Maryland  21207,                            *

     Defendants.                                      *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiffs, Ngozi Okaro, Monica Berry, Kim Mills, and Sherrille Mingo, by their

undersigned attorneys, sue the Defendants, Wyndham Worldwide Operations, Inc. ("Wyndham Worldwide"), Travis Real Estate Group Joint Venture ("Travis Joint Venture"), Travis Real Estate Group, Inc. ("Travis Inc."), Tyrone Erwin, Erik Belk, and John Beam, and state as follows:

## Parties

1.   Plaintiff Monica Berry is a resident of Brooklyn, New York.  She is a 5th-grade school teacher.

2.   Plaintiff Kim Mills is a resident of Hackensack, New Jersey.  She is a pharmaceutical sales representative.

3.   Plaintiff Sherrille Mingo is a resident of Washington, D.C.  She is a project manager with the Federal National Mortgage Association (Fannie Mae).

4.   Plaintiff Ngozi Okaro is a resident of The Bronx, New York.  She is an attorney.

5.   Defendant Wyndham Worldwide is a corporation engaged in business in Baltimore City, Maryland.  At all times relevant hereto, Wyndham Worldwide owned and operated the Wyndham Baltimore Inner Harbour Hotel (the "Hotel") located at 101 West Fayette Street, Baltimore City, Maryland.

6.   Defendant Travis Joint Venture is a general partnership engaged in business in Baltimore City, Maryland.  At all times relevant hereto, Travis Joint

Venture owned and operated the Hotel.

7.     Defendant Travis Inc. is a corporation engaged in business in Baltimore City, Maryland.  At all times relevant hereto, Travis Inc. owned and operated the Hotel.

8.     Defendant Tyrone Erwin was, at all times relevant hereto, employed as a security guard for the Hotel.  On information and belief, Mr. Erwin is a resident of Baltimore City.

9.     Defendant Erik Belk was, at all times relevant hereto, employed as a security guard for the Hotel.  On information and belief, Mr. Belk is a resident of Baltimore City.

10.    Defendant John Beam was, at all times relevant hereto, employed as a manager for the Hotel.  On information and belief, Mr. Beam is a resident of the State of Maryland.

### Jurisdiction and Venue

11.    This Court has personal jurisdiction over the Defendants pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-102(a) and § 6-103(b).

12.    Venue is proper in Baltimore City pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201(a).

### Relevant Facts

13.    On and before October 22, 2004, Plaintiffs planned to visit Baltimore to

attend a reunion associated with Morgan State University. As accomplished professional women, each of the Plaintiffs was looking forward to a weekend of re-acquainting with friends and colleagues, sharing professional and personal successes, and strengthening their bonds. Plaintiffs Sherrille Mingo and Ngozi Okaro reserved a room at the Hotel for the weekend of October 22 to 24, 2004.

14.   At approximately 9:30 p.m. on October 22, 2004, Ms. Mingo arrived at the Hotel, checked in, paid, and was given keys to Room 2529, to which she immediately proceeded with her baggage.

15.   At approximately 10:30 p.m. on October 22, 2004, Ms. Okaro arrived and proceeded to Room 2529, along with two friends of hers and Ms. Mingo's – Plaintiffs Monica Berry and Kim Mills. The four women chatted quietly as they prepared to go to dinner. A television was on at low volume in the background. At no point were Plaintiffs playing music or acting boisterously or loudly.

16.   At approximately 10:50 p.m., Plaintiffs were startled by a loud banging on the door of Room 2529. When Ms. Mingo and Ms. Okaro opened the door, they encountered a sloppily dressed strange male (believed to be Defendant Tyrone Erwin), with a toothpick in his mouth, lounging against the hallway wall. The stranger told Plaintiffs that he was Hotel security and that there

had been a "noise complaint" and proceeded to threaten the Plaintiffs.

Plaintiffs knew this was nonsense because they had made no noise since

their arrival at the Hotel. When Plaintiffs asked to speak with a Hotel

manager, the stranger menacingly demanded to know why. At this point,

Plaintiffs – noticing that the stranger had presented no identification and

had no name-tag or other insignia suggesting that he was in any way

associated with the Hotel – became alarmed for their safety and closed and

locked their door.

17.     Ms. Mingo, concerned about the intrusion by the stranger, immediately

call the Hotel's front desk and asked to speak with the manager on duty.

She was connected with a man who identified himself as "Mike." Ms.

Mingo described what had occurred. "Mike" informed Ms. Mingo that he

did not know why a security guard had been sent to Plaintiffs' room. He

apologized for the stranger's demeanor, appearance, and lack of

identification, told Ms. Mingo that he would make inquiries as to why the

security guard had approached Plaintiff, apologized to Ms. Mingo, and

informed Ms. Mingo that he would call her back if they needed to speak

further. When "Mike" learned from Ms. Mingo that Plaintiffs were

checking out on Sunday, he invited Ms. Mingo to discuss the incident with

him then if she wished to register a complaint.

18.   At approximately 11:15 p.m., the telephone in Plaintiffs' room rang. Ms.

Mingo answered the phone only to be confronted by a man calling himself

"John" (believed to be Defendant John Beam), screaming irately at Ms.

Mingo. "John," who identified himself as the Hotel's front desk manager,

stated that he had just spoken with the security guard and been informed

about the earlier alleged noise complaint. "John" proceeded to threaten to

throw Plaintiffs out of the hotel. He tried to prevent Ms. Mingo from

speaking.

19.   Ms. Mingo finally was able to speak to "John," and informed him that she

already had spoken to the Hotel's manager, "Mike," about the incident. Ms.

Mingo explained to "John," that "Mike" had apologized about the security

guard's behavior and appearance and that "Mike" intended to discuss the

matter with the security guard. "John" abruptly told Ms. Mingo that "Mike"

had left for the night and that she would have to deal with him. "John"

continued to scream at Ms. Mingo, at which point Ms. Mingo informed

"John" that she would come to the front desk to speak with "John" in

person.

20.   When Ms. Mingo went to the front desk, she saw a gentleman checking in a

guest. She asked the gentleman if the Hotel manager was available. The

gentleman responded: "No, he's busy." Eventually a white man came from

the back and Ms. Mingo asked him whether he was the manager. The man
said that he was. Ms. Mingo then said "Hi, John, I was speaking with you a
few minutes ago and simply want to explain to you my conversation with
'Mike' since you were not around when it occurred." "John" immediately
became angry and defensive. He backed away from Ms. Mingo and
shouted "I don't have to talk to you! I'm telling you the Hotel policy!"
When Ms. Mingo asked to see the policy, "John" said "I don't have to show
you anything!" He then proceeded to call Ms. Mingo a liar and informed
her that he was calling the police.

21.   Ms. Mingo waited patiently in the Hotel lobby for the police to arrive.
While she waited, Ms. Okaro joined Ms. Mingo in the lobby and informed
her that two security guards (believed to be Defendants Tyrone Erwin and
Erik Belk) had been banging on their Hotel room door. Ms. Okaro then
proceeded to call the Wyndham Hotel customer service number to register a
complaint. A customer service representative who called herself "Sylvia"
informed Ms. Okaro that they had received several complaints about the
Hotel, and that they were in the process of attempting to call the Hotel to
speak with "John" but nobody was answering the Hotel's phone. "Sylvia"
also told Ms. Okaro that they would attempt to contact the Hotel's general
manager but that, since it was a weekend, he might be difficult to reach

immediately. "Sylvia" reassured Ms. Okaro that "John's" behavior was a
mistake and that it would be taken care of and that customer service would
continue to try to call "John."

22.    Shortly thereafter, officers of the Baltimore City Police Department arrived
in the Hotel's lobby, having been summoned by "John." The officers spoke
with "John" and Ms. Mingo separately. Ms. Mingo explained to the police
officers what had occurred. "John" continued to yell and call Ms. Mingo a
liar. He falsely told the police officers that Ms. Mingo had refused to obey
his directives. Ms. Mingo explained to the police officers that "John" had
given her no directives and that, in fact, he had refused to speak with her.
"John" yelled that if there were further noise complaints, he would evict
Plaintiffs from the Hotel.

23.    The discussion died down, and Ms. Mingo and Ms. Okaro were permitted
to return to their room.

24.    At no time did Defendants inform Plaintiffs that they were being evicted
from the Hotel. At no time did Plaintiffs engage in any activity that would
justify Defendants in evicting them from the Hotel.

25.    After returning to their room, Ms. Mingo immediately began calling other
area hotels to determine whether Plaintiffs could secure a room for the
following night. Plaintiffs were angry and upset by their treatment by

Defendants and had no intention of staying the entire weekend at the Hotel.
After securing a reservation for the following evening at the Sheraton Hotel
in Towson, Maryland, Plaintiffs continued to prepare to go out for what was
left of the evening.

26.   Suddenly – and without any warning – Plaintiffs heard violent banging on
their Hotel room door.   The door burst open and four to five police officers
stormed the room.   When Ms. Mills asked the police what they were doing,
two officers tackled her to the ground.   Ms. Mills could not breathe while
the two officers were on top of her.   The officers then handcuffed Ms. Mills
and dragged her to one of the beds in the room.

27.   Ms. Okaro – an attorney at law – began filming what was occurring.   A
police officer grabbed the camera from her hands and threw it against the
wall.   The officer forced Ms. Okaro's arms behind her back, held a can of
mace in her face, and threatened to spray her.   Ms. Okaro screamed to Ms.
Berry to call 911.

28.   Ms. Berry picked up her cellular telephone and attempted to call 911.   A
police officers told her to drop her phone and he released the holster snap
on his gun threateningly.   Ms. Berry, in shock and terror, held her cellular
telephone at arm's length and let it drop onto the bed.

29.   Ms. Mingo observed all of the foregoing while seated on a bed.   A police

officer approached her and put handcuffs on her.

30. The police officers informed Plaintiffs that they were being arrested. When Plaintiffs asked why they were being arrested, the police officers gave them no response. When Plaintiffs asked whether the police officers were going to read them their rights, the police officers said, in unison, "No!" The police officers searched Plaintiffs' bags – without Plaintiffs' consent – for identification. The police officers then forcibly escorted the Plaintiffs – one-by-one – out of the room, paraded them through the Hotel's lobby in front of numerous Hotel guests, and loaded them into a transport vehicle. The police officers refused Plaintiffs' requests to retrieve their purses or identification, which the police officers left strewn about the broken-into Hotel room.

31. Plaintiffs were transported to the Baltimore Central Booking and Intake Center, where they were booked, fingerprinted, photographed, and detained for over 24 hours.

32. Each of the Plaintiffs was horrified, scared, humiliated, and traumatized by the conditions of her confinement. Plaintiffs initially were held in a cramped cage which housed other women, some of whom were sleeping on the concrete floor, others of whom were frightening and making strange noises. Then they were moved to another cage with even more women.

Ms. Mingo, who was in intense pain was denied access to medical treatment

or her prescribed medication. The cells were frigid. The women were held

for over 20 hours without being informed of the reasons for their arrest.

Several correctional officers told Plaintiffs that it was likely that no charges

would be pressed against Plaintiffs as it appeared that they had committed

no crimes.

33.     Finally, at about 10:00 p.m. on October 23, 2007 – nearly 20 hours after

they had been arrested – Plaintiffs were summoned out of the cage and told

that they would be presented to a Commissioner. Only when presented to a

Commissioner were Plaintiffs informed – for the first time – that each had

been charged with three crimes: trespassing on private property (the Hotel);

failure to obey a lawful order; and disorderly conduct. During the course of

the next several hours, each of the Plaintiffs was seen by a Commissioner

and released from custody on her own recognizance. The Commissioner

who interviewed Ms. Mingo commented that Plaintiffs were professional

women and that this was the silliest case she had ever seen.

34.     Plaintiffs were finally released from custody between 1:00 and 2:00 a.m. on

Sunday, October 24, 2004.

35.     Plaintiffs returned to the Hotel to retrieve their personal belongings. Ms.

Mingo presented herself to the Hotel employee who was working the front

desk and asked for a refund.  The employee informed Ms. Mingo that a

manager needed to authorize the refund, and summoned "John."  "John"

then walked out to the Plaintiffs and informed them that the Hotel would

not issue any refund because, in John's words, Plaintiffs "had used the room

the entire night through to the check-out time."

36. Plaintiffs appeared for trial on January 21, 2005 in the District Court for

Baltimore City.  All charges were resolved in their favor by *nolle prosequi*

after the Defendants failed to appear for trial.

37. Defendants, acting individually and in concert, conspired to enlist officers

of the Baltimore City Police Department to forcibly evict Plaintiffs from the

Hotel, arrest and detain Plaintiffs, and cause Plaintiffs to answer criminal

charges – without factual or legal justification – by intentionally and

maliciously making false statements to the police about Plaintiffs.

38. Plaintiffs' arrest, incarceration, and criminal court trial were directly and

intentionally caused by the false statements made by Defendants,

individually and collectively, to officers of the Baltimore City Police

Department.  Defendants falsely represented to the police that Plaintiffs'

behavior was loud and violated Hotel policies.  Defendants falsely

represented to the police that Plaintiffs' behavior had caused other Hotel

guests to complaint.  Defendants falsely represented to the police that

Plaintiffs' were playing loud music. Defendants falsely represented to the police that Defendants had evicted Plaintiffs from the Hotel. Defendants falsely represented to the police that Defendants had ordered Plaintiffs to leave the Hotel premises. Defendants falsely represented to the police that Plaintiffs had refused to obey the Hotel's order that they leave the premises.

39. As a direct and intended result of Defendants' false statements to officers of the Baltimore City Police Department about Plaintiffs, Plaintiffs were assaulted, arrested, deprived of their liberty and property, incarcerated, and unsuccessfully prosecuted.

40. Ms. Berry, Ms. Mills, Ms. Mingo, and Ms. Okaro each experienced – and continue to experience – profound stress, embarrassment, humiliation, fear, suffering, nightmares, bouts of crying, and other emotional distress, as well as pecuniary losses, as a direct result of Defendants' outrageous and wanton conduct.

## COUNT 1:  Monica Berry's Claim for Malicious Prosecution

41. Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

42. Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously,

unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

43.    Defendants acted with malice and without probable cause in causing Plaintiffs to be arrested and prosecuted. Malice was the primary purpose of Defendants in instituting the criminal proceedings against Plaintiffs.

44.    Plaintiffs appeared in the District Court for Baltimore City to answer the baseless charges brought against them on January 21, 2005. On that date, the Assistant State's Attorney entered a *nolle prosequi* as to all charges pending against the Plaintiffs.

45.    As the result of the Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

**WHEREFORE**, Plaintiff Monica Berry demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

## COUNT II:  Kim Mills's Claim for Malicious Prosecution

46.    Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully

herein.

47.    Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

48.    Defendants acted with malice and without probable cause in causing Plaintiffs to be arrested and prosecuted.  Malice was the primary purpose of Defendants in instituting the criminal proceedings against Plaintiffs.

49.    Plaintiffs appeared in the District Court for Baltimore City to answer the baseless charges brought against them on January 21, 2005.  On that date, the Assistant State's Attorney entered a *nolle prosequi* as to all charges pending against the Plaintiffs.

50.    As the result of the Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

**WHEREFORE**, Plaintiff Kim Mills demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive

damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT III:  Sherrille Mingo's Claim for Malicious Prosecution

51.    Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

52.    Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

53.    Defendants acted with malice and without probable cause in causing Plaintiffs to be arrested and prosecuted.  Malice was the primary purpose of Defendants in instituting the criminal proceedings against Plaintiffs.

54.    Plaintiffs appeared in the District Court for Baltimore City to answer the baseless charges brought against them on January 21, 2005.  On that date, the Assistant State's Attorney entered a *nolle prosequi* as to all charges pending against the Plaintiffs.

55.    As the result of the Defendants' conduct and actions, Plaintiffs have

suffered and will continue to suffer severe mental anguish, loss of
reputation, humiliation, medical and other expenses, and loss of income.

WHEREFORE, Plaintiff Sherrille Mingo demands judgment against the
Defendants, jointly and severally, for compensatory damages in the amount of
$5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs,
and such other and further relief as may be appropriate.

## COUNT IV:  Ngozi Okaro's Claim for Malicious Prosecution

56.    Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully
       herein.

57.    Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually,
       in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint
       Venture, and Travis Inc., intentionally acted falsely, maliciously,
       unlawfully, and without probable cause by making false statements to
       officers of the Baltimore City Police Department which caused those
       officers to assault, arrest, detain, and initiate criminal charges against
       Plaintiffs.

58.    Defendants acted with malice and without probable cause in causing
       Plaintiffs to be arrested and prosecuted.  Malice was the primary purpose of
       Defendants in instituting the criminal proceedings against Plaintiffs.

59.    Plaintiffs appeared in the District Court for Baltimore City to answer the

baseless charges brought against them on January 21, 2005. On that date, the Assistant State's Attorney entered a *nolle prosequi* as to all charges pending against the Plaintiffs.

60.     As the result of the Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

   **WHEREFORE**, Plaintiff Ngozi Okaro demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT V - Monica Berry's Claim for False Arrest

61.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

62.     Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

63.    As a direct result of Defendants' unlawful actions, Plaintiffs were arrested

without a warrant, detained, and deprived of their liberty for over 20 hours.

64.    As a result of Defendants' conduct and actions, Plaintiffs have suffered and

will continue to suffer severe mental anguish, loss of reputation,

humiliation, medical and other expenses, and loss of income.

65.    Defendants' actions were motivated by ill will, improper motive, evil

purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Monica Berry demands judgment against the

Defendants, jointly and severally, for compensatory damages in the amount of

$5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs,

and such other and further relief as may be appropriate.

### COUNT VI - Kim Mills's Claim for False Arrest

66.    Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully

herein.

67.    Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually,

in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint

Venture, and Travis Inc., intentionally acted falsely, maliciously,

unlawfully, and without probable cause by making false statements to

officers of the Baltimore City Police Department which caused those

officers to assault, arrest, detain, and initiate criminal charges against

Plaintiffs.

68.    As a direct result of Defendants' unlawful actions, Plaintiffs were arrested without a warrant, detained, and deprived of their liberty for over 20 hours.

69.    As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

70.    Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Kim Mills demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT VII - Sherrille Mingo's Claim for False Arrest

71.    Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

72.    Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

07570/0/00324252.WPDv1                                    -21-

73.     As a direct result of Defendants' unlawful actions, Plaintiffs were arrested without a warrant, detained, and deprived of their liberty for over 20 hours.

74.     As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

75.     Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Sherrille Mingo demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

## COUNT VIII - Ngozi Okaro's Claim for False Arrest

76.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

77.     Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

07570/0/00324252.WPDv1                           -22-

78.     As a direct result of Defendants' unlawful actions, Plaintiffs were arrested without a warrant, detained, and deprived of their liberty for over 20 hours.

79.     As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

80.     Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Ngozi Okaro demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

## COUNT IX - Monica Berry's Claim for False Imprisonment

81.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

82.     Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

07570/0/00324252.WPDv1                         -23-

83. As a direct result of Defendants' unlawful actions, Plaintiffs were deprived of the personal liberty, without their consent and without legal justification, for over 20 hours.

84. As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

85. Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Monica Berry demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT X - Kim Mills's Claim for False Imprisonment

86. Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

87. Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against

Plaintiffs.

88.    As a direct result of Defendants' unlawful actions, Plaintiffs were deprived of the personal liberty, without their consent and without legal justification, for over 20 hours.

89.    As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

90.    Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Kim Mills demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT XI - Sherrille Mingo's Claim for False Imprisonment

91.    Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

92.    Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those

officers to assault, arrest, detain, and initiate criminal charges against

Plaintiffs.

93.   As a direct result of Defendants' unlawful actions, Plaintiffs were deprived

of the personal liberty, without their consent and without legal justification,

for over 20 hours.

94.   As a result of Defendants' conduct and actions, Plaintiffs have suffered and

will continue to suffer severe mental anguish, loss of reputation,

humiliation, medical and other expenses, and loss of income.

95.   Defendants' actions were motivated by ill will, improper motive, evil

purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Sherrile Mingo demands judgment against the

Defendants, jointly and severally, for compensatory damages in the amount of

$5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs,

and such other and further relief as may be appropriate.

## COUNT XII - Ngozi Okaro's Claim for False Imprisonment

96.   Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully

herein.

97.   Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually,

in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint

Venture, and Travis Inc., intentionally acted falsely, maliciously,

unlawfully, and without probable cause by making false statements to

07570/0/00324252.WPDv1                                    -26-

officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

98.  As a direct result of Defendants' unlawful actions, Plaintiffs were deprived of the personal liberty, without their consent and without legal justification, for over 20 hours.

99.  As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer severe mental anguish, loss of reputation, humiliation, medical and other expenses, and loss of income.

100.  Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Ngozi Okaro Berry demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

## COUNT XIII - Monica Berry's Claim for Battery

101.  Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

102.  Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously,

unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

103.   Defendants' unlawful actions set in motion events which resulted in the offensive, non-consensual touching of Plaintiffs by Baltimore City Police officers, and were undertaken deliberately and with actual malice.

104.   As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer substantial damages, including, but not limited to, extreme pain and suffering, mental anguish, humiliation, medical and other expenses, and loss of income.

105.   Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Monica Berry demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT XIV - Kim Mills's Claim for Battery

106.   Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

107.   Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually,

in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint

Venture, and Travis Inc., intentionally acted falsely, maliciously,

unlawfully, and without probable cause by making false statements to

officers of the Baltimore City Police Department which caused those

officers to assault, arrest, detain, and initiate criminal charges against

Plaintiffs.

108.   Defendants' unlawful actions set in motion events which resulted in the

offensive, non-consensual touching of Plaintiffs by Baltimore City Police

officers, and were undertaken deliberately and with actual malice.

109.   As a result of Defendants' conduct and actions, Plaintiffs have suffered and

will continue to suffer substantial damages, including, but not limited to,

extreme pain and suffering, mental anguish, humiliation, medical and other

expenses, and loss of income.

110.   Defendants' actions were motivated by ill will, improper motive, evil

purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Kim Mills demands judgment against the Defendants,

jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive

damages in the amount of $5,000,000.00, with interest and costs, and such other and

further relief as may be appropriate.

## COUNT XV - Sherrille Mingo's Claim for Battery

111.   Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully

07570/0/00324252.WPDv1                                   -29-

herein.

112.  Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

113.  Defendants' unlawful actions set in motion events which resulted in the offensive, non-consensual touching of Plaintiffs by Baltimore City Police officers, and were undertaken deliberately and with actual malice.

114.  As a result of Defendants' conduct and actions, Plaintiffs have suffered and will continue to suffer substantial damages, including, but not limited to, extreme pain and suffering, mental anguish, humiliation, medical and other expenses, and loss of income.

115.  Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

**WHEREFORE,** Plaintiff Sherrille Mingo demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

## COUNT XVI - Ngozi Okaro's Claim for Battery

116.   Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully

herein.

117.   Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually,

in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint

Venture, and Travis Inc., intentionally acted falsely, maliciously,

unlawfully, and without probable cause by making false statements to

officers of the Baltimore City Police Department which caused those

officers to assault, arrest, detain, and initiate criminal charges against

Plaintiffs.

118.   Defendants' unlawful actions set in motion events which resulted in the

offensive, non-consensual touching of Plaintiffs by Baltimore City Police

officers, and were undertaken deliberately and with actual malice.

119.   As a result of Defendants' conduct and actions, Plaintiffs have suffered and

will continue to suffer substantial damages, including, but not limited to,

extreme pain and suffering, mental anguish, humiliation, medical and other

expenses, and loss of income.

120.   Defendants' actions were motivated by ill will, improper motive, evil

purpose, and with actual malice toward Plaintiffs.

**WHEREFORE**, Plaintiff Ngozi Okaro demands judgment against the Defendants,

jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive

damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT XVII - Monica Berry's Claim for Intentional Infliction of Emotional Distress

121. Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

122. Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

123. Defendant's unlawful actions towards Plaintiffs were intentional, reckless, and in deliberate disregard of the high degree of probability that emotional stress would result to the Plaintiffs.

124. Defendants' unlawful conduct was extreme and outrageous and beyond the bounds of decency in society.

125. Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

126. As a direct and intended result of Defendants' outrageous conduct and

actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE**, Plaintiff Monica Berry demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT XVIII - Kim Mills' Claim for
### Intentional Infliction of Emotional Distress

127.    Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

128.    Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

129.    Defendant's unlawful actions towards Plaintiffs were intentional, reckless, and in deliberate disregard of the high degree of probability that emotional stress would result to the Plaintiffs.

130.    Defendants' unlawful conduct was extreme and outrageous and beyond the

bounds of decency in society.

131.   Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

132.   As a direct and intended result of Defendants' outrageous conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE**, Plaintiff Kim Mills demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT XIX - Sherrille Mingo's Claim for
### Intentional Infliction of Emotional Distress

133.   Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

134.   Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously, unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

135.   Defendant's unlawful actions towards Plaintiffs were intentional, reckless, and in deliberate disregard of the high degree of probability that emotional stress would result to the Plaintiffs.

136.   Defendants' unlawful conduct was extreme and outrageous and beyond the bounds of decency in society.

137.   Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

138.   As a direct and intended result of Defendants' outrageous conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE**, Plaintiff Sherrille Mingo demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

### COUNT XVII - Ngozi Okaro's Claim for
### Intentional Infliction of Emotional Distress

139.   Plaintiffs incorporate each of the foregoing paragraphs as if set forth fully herein.

140.   Defendants Tyrone Erwin, Erik Belk, and John Beam, acting individually, in concert, and as agents of Defendants Wyndham Worldwide, Travis Joint Venture, and Travis Inc., intentionally acted falsely, maliciously,

07570/0/00324252.WPDv1

unlawfully, and without probable cause by making false statements to officers of the Baltimore City Police Department which caused those officers to assault, arrest, detain, and initiate criminal charges against Plaintiffs.

141.  Defendant's unlawful actions towards Plaintiffs were intentional, reckless, and in deliberate disregard of the high degree of probability that emotional stress would result to the Plaintiffs.

142.  Defendants' unlawful conduct was extreme and outrageous and beyond the bounds of decency in society.

143.  Defendants' actions were motivated by ill will, improper motive, evil purpose, and with actual malice toward Plaintiffs.

144.  As a direct and intended result of Defendants' outrageous conduct and actions, the Plaintiffs have suffered, and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE**, Plaintiff Ngozi Okaro demands judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, with interest and costs, and such other and further relief as may be appropriate.

Respectfully submitted,

Carl E. Tuerk, Jr.
W. Timothy Sutton
COOPER & TUERK, LLP
201 North Charles Street
Suite 2300
Baltimore, Maryland 21201
(410) 539-0300

John A. Bourgeois
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201
(410) 752-6030

Attorneys for Plaintiffs